MORTON TRUST CO. v. NEW YORK & O. R. CO. et al.

(Circuit Court, S. D. New York. December 4, 1900.)

FEDERAL COURTS—PLEA TO JURISDICTION—DEFENDANT TO BILL IN INTERVENTION.

Where a creditors' bill in a federal court against a corporation showed the requisite facts to give the court jurisdiction, a creditor who is subsequently brought in as a defendant to an intervening bill for the foreclosure of a mortgage on the property of the corporation, which is in

the hands of the receiver. cannot attack the jurisdiction by a plea alleging that the original suit was brought by collusion between complainant and the corporation in procuring the assignment of the claim to complainant in order to give the court jurisdiction, when it is not shown that the intervener was a party to such collusion.

In Equity. On plea to bill in intervention.

Henry L. Stimson, for Morton Trust Co.

Frank E. Smith, for Henning.

WHEELER, District Judge. This is an intervention by leave of court by foreclosure in a creditors' suit in which the defendant John L. Henning, a creditor, has been made a party, and has been heard on his plea to the jurisdiction set down for argument. The substance of the plea is that the bondholders and others interested procured and assisted the creditor in the original bill, Alanson T. Enos, a citizen of New Jersey, to buy a claim against the railroad company of less than $2,000, and to get it into a judgment for more, and to bring the bill, and have the receiver appointed, and:

"(14) That said Enos, in taking an assignment of the said claim against said railroad company, and in bringing suit thereon as aforesaid, acted in collusion with the railroad company, its officers and directors, and with said banking firms; and the purpose of said parties in causing said claim to be assigned to said Enos, and in bringing suit thereon in the city court as aforesaid, was to create a cause of action or suit against said railroad company which should be within the jurisdiction of this court, and not to assert or enforce the rights of said Enos as a creditor, to the end that a receivership of said railroad property and the foreclosure of the mortgages might be had in this court."

The jurisdiction was good on the face of the original bill, and the receivership is to be, of course, taken to have been proper and correct. This party could make no objection to being brought in, except such as would apply to the propriety of bringing him as a party to the cause in the situation in which it actually was when he was made to come in. The Morton Trust Company is the only party plaintiff in the foreclosure, and it could proceed for that purpose in no other way. Its motives in becoming a party are not impeached by the plea, but only those of others interested. It is suggested that, as jurisdiction here must be shown, the failure to include the motives of the trust company with those alleged to be improper does not affect the sufficiency of the plea. But jurisdiction was shown before, and the office of the plea was to take it away, and if it omitted what was essential for that purpose it would be bad. If the motives of any party would be essential to defeat the apparent jurisdiction as to Henning, they would be those of the trust company, and, as they are not impugned, the plea, apparently, must be held bad. Plea disallowed.